1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

8  | ANGELA HAMILTON and MATTHEW
9  | HOGAN, individually and on behalf of all
   | others similarly situated,
10
   |              Plaintiff,
11
12 | v.
13 | NUWEST GROUP HOLDINGS, LLC,
14 |              Defendant.

Case No.

**COMPLAINT–CLASS ACTION**

**JURY TRIAL DEMANDED**

15
16

**CLASS AND COLLECTIVE ACTION COMPLAINT**

17        Plaintiffs Angela Hamilton and Matthew Hogan ("Plaintiffs") bring this class and

18 collective action complaint against NuWest Group Holdings, LLC ("NuWest" or "Defendant"),

19 on behalf of themselves and all others similarly situated. Plaintiffs make the following

20 allegations based upon personal knowledge as to their own actions and upon information and

21 belief as to all other matters.

22                          **NATURE OF THE ACTION**

23        1.     Travel nurses serve a valuable role in our nation's healthcare system. Hospitals,

24 clinics, and other healthcare facilities rely on skilled travel employees to fill short-term nursing

25 employment gaps on a temporary basis. To fill these roles, healthcare facilities utilize

26

CLASS ACTION COMPLAINT - 1

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

intermediary staffing agencies to employ the travelers, negotiate pay rates, and schedule assignments. Traveling nurses have played an especially critical role since the start of the COVID-19 pandemic, as many facilities experienced severe staffing shortages that required temporary assistance in order to continue providing quality healthcare.

2.     But a troubling practice has emerged. NuWest is offering contracts to travel nurses with a fixed-term assignment at an agreed-upon pay rate. After the nurse accepts the position and starts the assignment, NuWest makes a "take-it-or-leave-it" demand to accept less pay or be terminated. Of course, most nurses have no choice but continue working the assignment at the lower rate because they have no reasonable alternatives for comparable employment: they have already incurred travel expenses, secured short-term housing, and uprooted their lives to accept the assignment.

3.     NuWest is knowingly engaging in these "bait-and-switch" practices to maintain the significant profit margins it had become accustomed to during the COVID-19 pandemic. This lawsuit seeks recovery for the pay losses Plaintiffs and other travelers experienced as the result of NuWest's predatory business practices.

4.     Additionally, NuWest is underpaying its travel employees for overtime hours worked. By law, employers must pay their employees one and a half times their "regular rate" for all hours worked over forty in a workweek.  In addition, under California and other states' laws, employers must pay their employees one-and-a-half times their regular rate for hours worked over eight in a single day and double their regular rate for hours worked over 12 in a single day. But in determining the regular rate, NuWest has included only its employees' direct hourly cash wage, and has excluded, in violation of the law, other parts of its employees' compensation packages, thereby resulting in an artificially low rate of pay for overtime hours worked.

CLASS ACTION COMPLAINT - 2

## JURISDICTION, VENUE, AND PARTIES

5.      Plaintiff Angela Hamilton is a citizen of Oklahoma who accepted a travel assignment from NuWest to work at a healthcare facility located in California. Plaintiff Hamilton's written Consent to Join this case is attached and incorporated as **Exhibit 1**.

6.      Plaintiff Matthew Hogan is a citizen of Kentucky who accepted a travel assignment from NuWest to work at a healthcare facility located in Montana. Plaintiff Hogan's written Consent to Join this case is attached and incorporated as **Exhibit 2**.

7.      NuWest Group Holdings, LLC is a limited liability company organized under the laws of the State of Washington with its principal place of business located at 325 118th Avenue Southeast, Bellevue, Washington.

8.       This Court has subject matter jurisdiction over this lawsuit under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a proposed class action in which: (1) there are at least 100 class members; (2) the combined claims of class members exceed $5,000,000.00, exclusive of interest, attorneys' fees, and costs; and (3) NuWest and at least one class member are citizens of different states.

9.      This Court has personal jurisdiction over NuWest as to all claims asserted by Plaintiffs herein because NuWest is "at home" in the State of Washington and is therefore subject to general jurisdiction in this forum.

10.      This Court also has subject matter jurisdiction over the FLSA claims of Plaintiffs and all others similarly situated pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and over all related state law claims pursuant to 28 U.S.C. § 1367.

11.      Venue is proper in this District under 28 U.S.C. § 1391(b) because this is the District in which NuWest resides and a substantial part of the conduct at issue in this case occurred in this District.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## STATEMENT OF FACTS

**A.     NuWest's Bait-and-Switch Tactics and Improper Pay Rate Reductions**

12.     On its company website, NuWest holds itself out as "a leading national staffing agency that connects great people to job opportunities with growing companies."  It further states that it is "[p]assionate about exceeding expectations" and claims to have "worked hard to develop partnerships with companies that share our commitment to offering people an exceptional employee experience." The company further touts its commitment to transparency and "radical honesty," asserting that "[w]e ensure all decision-makers are well briefed and have realistic expectations by communicating clearly on strengths and weaknesses, pros and cons" of each assignment.

13.     To fill temporary positions, healthcare facilities in need of temporary employment offer staffing agencies like NuWest a "bill rate," which is a total amount they are willing to pay the staffing agency for every hour worked by a traveling nurse. The staffing agency then deducts costs, overhead, and profit margin from the bill rate and advertises the hourly rate it is willing to pay a traveling nurse to accept the facility assignment.

14.     NuWest utilizes a form employment agreement for its traveling employees, which includes the following material terms: the facility name along with the start and end date for the assignment, the traveler's hourly pay rate, and the scheduled hours per week, as well as the traveler's daily meals, incidentals, and housing stipends.

15.     After accepting a travel assignment, NuWest knows that travel employees must move to the location of the facility, secure short-term housing, and incur other travel and housing related costs at their own expense in order to comply with their obligations under the agreement.

**Plaintiff Angela Hamilton**

16.     On or before February 8, 2022, NuWest made an employment offer to Plaintiff Angela Hamilton that included a fixed-term travel assignment in Chico, California.

CLASS ACTION COMPLAINT - 4

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

17.     The employment agreement offered Angela Hamilton a position at the California Department of Public Health Enloe Medical Center in Chico, California, from February 8, 2022, until March 31, 2022, with the following compensation package: a base hourly pay rate of $125.00 with a minimum of 60 scheduled hours per week; an overtime hourly pay rate of $187.50; a holiday hourly pay rate of $187.00; a weekly meals and incidentals stipend of $413.00; and a weekly housing stipend of $672.00.

18.     In reliance on the foregoing material terms, Angela Hamilton accepted NuWest's offer of employment by executing NuWest's form employment agreement on February 8, 2022. To comply with her duties under the agreement, Angela Hamilton incurred expenses traveling away from her home in Oklahoma to Chico, California, secured short-term living arrangements, and forwent other employment opportunities.

19.     On or before February 22, 2022, only eight days into her assignment, NuWest made Angela Hamilton a "take-it-or-leave-it" demand to accept less pay or be terminated. Specifically, NuWest demanded that she accept a more than 18% reduction of her base hourly pay rate, from $125.00 to $102.00; a reduction in her overtime hourly pay rate from $187.50 to $153.50; and a reduction in her holiday hourly pay rate from $187.00 to $153.00 in order to complete the previously agreed-upon assignment.

20.     Having already spent substantial time and money securing the assignment and taking the steps necessary to ensure compliance with her obligations under the agreement, and unable to find comparable employment in such a short period of time, Angela Hamilton had no real choice but to continue working the assignment at the lower rate.

21.     Plaintiff Angela Hamilton continued her assignment in accordance with her duties. As a result, Angela Hamilton suffered monetary losses. At a minimum, the difference between the value of the original agreement and the unilateral pay reduction was more than $6,000.

CLASS ACTION COMPLAINT - 5

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

**Plaintiff Matthew Hogan**

22. On or before September 14, 2021, NuWest made an employment offer to Plaintiff Matthew Hogan that included a fixed-term travel assignment in Bozeman, Montana.

23. The employment agreement offered Matthew Hogan a position at Bozeman Health Deaconess Hospital in Bozeman, Montana from October 26, 2021, until December 14, 2021, with the following compensation package: a base hourly pay rate of $116.15 with a minimum of 48 scheduled hours per week; an overtime hourly pay rate of $190.00; a holiday hourly pay rate of $190.00; a weekly meals and incidentals stipend of $300.00; and a weekly housing stipend of $757.00. On or about October 12, 2021, the parties extended their agreement under the same material terms of work and payment to continue from December 15, 2021 to January 15, 2022.

24. In reliance on the foregoing material terms, Matthew Hogan accepted NuWest's offer of employment by executing NuWest's form employment agreement. To comply with his duties under the agreement, Matthew Hogan incurred expenses traveling away from his home in Kentucky to Bozeman, Montana, secured short-term living arrangements, and forwent other employment opportunities.

25. On or about December 10, 2021, while fulfilling his contractual obligations at Bozeman Health Deaconess Hospital and immediately prior to his agreed contractual extension going into effect, NuWest made Matthew Hogan a "take-it-or-leave-it" demand to accept less pay or be terminated. Specifically, NuWest's new terms required that he accept a more than 14% reduction of his base hourly pay rate, from $116.15 to $99.17; a reduction in his overtime hourly pay rate from $190.00 to $175.00; and a reduction in his holiday hourly pay rate from $190.00 to $175 in order to complete the previously agreed-upon assignment.

26. Having already spent substantial time and money securing the assignment and taking the steps necessary to ensure compliance with his obligations under the agreement, and

CLASS ACTION COMPLAINT - 6

1    unable to find comparable employment in such a short period of time, Matthew Hogan had no

2    real choice but to continue working the assignment at the lower rate.

3            27.     Plaintiff Matthew Hogan completed his assignment in accordance with his duties.

4    As a result, Matthew Hogan suffered monetary losses. At a minimum, the difference between the

5    value of the original agreement and the unilateral pay reduction was more than $4,500.

6            28.     Plaintiffs are not alone. Travel nurses employed by NuWest across the country

7    have reported experiencing similar "take-it-or-leave it" pay cuts in the middle of their contractual

8    terms. Plaintiffs relied on the material terms of their agreements including: the fixed assignment

9    term, the payment package, and the guaranteed hours or days in accepting their offers, as the

10   assignment had to be worth foregoing other employment, relocating, and incurring the associated

11   professional and personal costs of accepting the travel assignment. In addition, Plaintiffs relied

12   on the fact the foregoing material terms could not be changed without additional consideration

13   and the reasonable expectation that NuWest would act in good faith and fair dealing and honor

14   its promises or representations. Plaintiffs would not have accepted the agreement had they

15   known that NuWest would violate the terms and spirit of the agreement.

16           29.     By making the take-it-or-leave-it demands described above, after Plaintiffs relied

17   on NuWest's representations and undertook obligations under their agreements, NuWest

18   breached its contracts with Plaintiffs—specifically the promises of employment at a specified

19   rate of pay for a fixed-term assignment. NuWest made this take-it-or-leave-it-demand in breach

20   of the express terms of the contracts and implied duty of good faith and fair dealing.

21           30.     There is no legal justification for NuWest's conduct. Even if NuWest's client no

22   longer needed as much staff or decided to reduce the bill rate, for example, nothing in the terms

23   of the form agreement authorized NuWest to unilaterally adjust pay rates to account for new

24   circumstances, whether foreseeable or not. The "revised" agreements that NuWest coerced

25   Plaintiffs and other similarly situated employees to sign are not enforceable because an effective

26

CLASS ACTION COMPLAINT - 7

contract modification or accord requires the exchange of new consideration. As alleged herein, there was no exchange of new consideration because Plaintiffs were compelled to undertake the same obligations for less pay. Consequently, NuWest cannot relieve itself of its contractual obligations under one contract by coercing acceptance of a second contract with less favorable terms.

**B.      NuWest's Miscalculation of Its Employees' Regular Rate of Pay and Resulting Failure to Lawfully Pay Overtime.**

31.      By law, employers must pay their employees one-and-a-half times their regular rate for all overtime hours (i.e., hours over 40 in a single workweek) worked. In addition to the bait-and-switch tactics discussed above, the reduced overtime rate that NuWest paid Plaintiffs failed to compensate them at 1.5 times their regular rate of pay in violation of the Fair Labor Standards Act and state overtime statutes.

32.      As a general matter, an employee's "regular rate" is "deemed to include all remuneration for employment paid to, or on behalf of, the employee," but excludes, inter alia, "reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments to an employee which are not made as compensation for his hours of employment." 29 U.S.C. § 207(e).

33.      In calculating the overtime rate paid to its employees, NuWest wrongfully excluded from their regular rate various stipends and allowances paid to its employees, including a "Holiday" pay, "Meals and Incidentals Stipend," and "Housing Stipend," even though these payments functioned as a form of compensation as part of its employees' pay package. For instance:

   a.    Prior to her rate reduction, Plaintiff Angela Hamilton was paid overtime at a rate of $187.50 per hour, or 1.5 times her base hourly pay rate of $125.00. Similarly, after her pay was reduced, she was still paid overtime at a rate of 1.5 times her

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1    base hourly rate. Her weekly Meals & Incidentals Stipend of $413.00 and her

2    weekly Housing Stipend of $672.00 were not included in the calculation of her

3    regular rate;

4    b.    Prior to his rate reduction, Plaintiff Matthew Hogan was paid overtime at a rate of

5    $190.00 per hour, or 1.5 times a regular rate of $126.66. But, for instance on

6    weeks in which he worked his scheduled 48 hours, and thus eight hours of

7    overtime, he should have been paid those overtime hours based on a regular rate

8    of $138.17, resulting in a proper overtime rate of $207.25, had his weekly Meals

9    & Incidentals Stipend of $300.00 and his weekly Housing Stipend of $757.00

10    been included in the calculation of his regular rate. Similarly, after his pay was

11    reduced, he was still paid overtime at a rate of below the proper legal rate.

12    34.    Plaintiffs worked more than 40 hours in multiple workweeks during their

13    contracts with NuWest during which these forms of compensation were not included in their

14    regular rate of pay in violation of federal and state law.

15    35.    Pursuant to her contract with NuWest, Plaintiff Hamilton would be scheduled 12

16    hours per day five days per week during her employment with NuWest.  In other words, Plaintiff

17    Hamilton typically worked 60 hours per week and was usually entitled to, at least, 20 hours of

18    overtime pay per week under both federal and California law.  However, in each workweek

19    where she worked more than forty hours in a workweek or eight hours in a single workday,

20    NuWest failed to include the significant value of her allowances in calculating her regular rate of

21    pay.  For example, NuWest failed to include weekly payments of $672 for "Housing Stipend"

22    and $413 for "Meals & Incidentals Stipend."  Instead of including these sums in her regular rate,

23    NuWest simply paid Plaintiff Hamilton $153 per hour for hours over forty in a workweek and

24    hours over eight in a single day, which was one-and-a-half times her hourly rate of $102.  In so

25    doing, NuWest violated federal and California law.

26

CLASS ACTION COMPLAINT - 9

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

36.     NuWest's exclusion of the various pay rates, stipends, and allowances paid to its employees, including the "Holiday" pay, "Meals and Incidentals Stipend," and "Housing Stipend" from said employees' "regular rate" in calculating overtime was wrongful and in violation of the law, in that:

     a.  Said payments functioned as compensation for the employees' hours of employment;

     b.  Said payments were tied to the number of hours worked, rather than the amount of expenses actually incurred;

     c.  Said payments varied with the number of hours worked per week, such that if an employee missed one or more shifts, said payments would be reduced a corresponding amount;

     d.  Said payments did not vary with the amount of expenses an employee actually incurred, nor were they calculated to approximate actual expenses. Employees were not required to document expenses, nor provide any attestation that he or she actually incurred a particular amount of expenses in a given period;

     e.  Upon information and belief, said payments were not limited to employees who were actually traveling, but instead could be received by local employees who worked proximate to their residence; and

     f.  Upon information and belief, employees could roll over extra shifts worked in a previous week avoid a pro rata reduction in said payments occasioned by having missed one or more shifts in a given week.

37.     Further, NuWest's form agreements with travel nurses it actually differentiates between these stipends (purportedly for expenses, but which are actually a form of wage compensation) with the $500 "Relocation Expense" reimbursement.  For this one-time "Relocation Expense" reimbursement, NuWest requires receipts showing the actual amounts of

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

the expenses incurred and will not pay the reimbursement absent the receipts.  The same is not true of the stipends despite their nominal classification as expense reimbursement.

38.    NuWest classified this form of compensation as expense reimbursement to avoid paying payroll taxes on these wages and to avoid paying materially increased overtime rates, particularly given that many travel nurses are guaranteed more than 40 hours per week.

39.    As a result of NuWest's failure to properly calculate its employees' regular rates, NuWest failed to pay Plaintiffs and other similarly situated employees for all overtime worked in accordance with the law.

40.    At all times material herein, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

41.    The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

42.    At all relevant times, NuWest has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has an annual gross volume of sales made or business done of not less than $500,000.

43.    During all relevant times to this action, NuWest acted as the "employer" of Plaintiffs and other similarly situated employees within the meaning of the FLSA. 29 U.S.C. § 203(d).

44.    During all times relevant to this action, Plaintiffs and other similarly situated employees were NuWest's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

CLASS ACTION COMPLAINT - 11

45.     Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. 29 U.S.C. § 207(a).

46.     Although the FLSA contains some exceptions (or exemptions) from the overtime requirements, none of those exceptions (or exemptions) applies here.

47.     Plaintiffs and other similarly situated employees are victims of uniform and unlawful compensation policies.

48.     Plaintiffs and other similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because NuWest acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

49.     NuWest has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find NuWest acted in good faith or with reasonable grounds in failing to pay overtime compensation, Plaintiffs and other similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

50.     As a result of these violations of the FLSA's overtime pay provisions, NuWest has unlawfully withheld compensation from Plaintiffs and other similarly situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), NuWest is liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1

## CLASS ACTION ALLEGATIONS

2      51.  Class Definitions: Plaintiffs bring this action individually and on behalf of other

3  similarly situated individuals. Pursuant to Federal Rules of Civil Procedure 23(b)(3), 23(b)(2),

4  and/or 23(c)(4), Plaintiffs seek certification of the foregoing classes and subclasses, defined as

5  follows:

6      The Class: All persons who entered into a travel nursing agreement with
NuWest and whose total compensation was reduced before the end of the
7  agreed upon term.

8      State Wage Payment Laws Class: All persons who entered into a travel
nursing agreement with NuWest to work at a facility or location in Alaska,
9  Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida,
Georgia, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky,
10  Louisiana, Massachusetts, Minnesota, Mississippi, Missouri, Montana,
Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York,
11  North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania,
Rhode Island, South Carolina, South Dakota, Utah, Vermont, Virginia,
12  Washington, West Virginia, Wisconsin, or Wyoming and whose total
compensation was reduced before the end of the agreed upon term.
13

14      The California Class: All persons who entered into a travel nursing
agreement with NuWest to work at a facility or location in California, or
15  who traveled from California to an assignment in another state, and whose
total compensation was reduced before the end of the agreed upon term.
16

17      State Unpaid Overtime Class: All persons who entered into a travel nursing
agreement with NuWest to work at a facility or location in Alaska,
18  Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois,
Kentucky, Michigan, Minnesota, Missouri, Montana, Nevada, New
19  Hampshire, New Jersey, New Mexico, New York, North Carolina, North
Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, Vermont,
20  Virginia, Washington, West Virginia, or Wisconsin who worked more than
40 hours in a workweek or more than 8 hours in a day (where applicable),
21  and whose regular rate of pay did not include the "Holiday" pay, "Meals
and Incidentals Stipend," or "Housing Stipend" (or their equivalents by any
22  other name).
23

24      52.  Excluded from the Class are the Court and its officers, employees, and relatives;

25  NuWest and its subsidiaries, officers, and directors; and governmental entities.

26

CLASS ACTION COMPLAINT - 13

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

53.     Numerosity: the Class consists of members so numerous and geographically dispersed that joinder of all members is impracticable, as NuWest employs thousands of similarly situated individuals across the United States.

54.     All members of the Class are ascertainable by reference to objective criteria, as NuWest has access to addresses and other contact information for Class members that can be used for notice purposes.

55.     Common Questions of Law and Fact Predominate: There are many questions of law and fact common to Plaintiffs and the Class, and those questions substantially predominate over any questions that may affect individual members of the Class. Common questions include:

a.  Did NuWest make actionable misrepresentations or omissions?

b.  Were NuWest's promises, representations, or omissions false or misleading?

c.  Did NuWest intend for Plaintiffs and the Class to rely on its promises, representations, or omissions?

d.  Should NuWest have known that such promises or representations would cause justifiable or reasonable reliance?

e.  Did NuWest owe a duty to disclose to Plaintiffs and the Class to not conceal the truth?

f.  Did NuWest's conduct in reducing compensation packages breach the travel assignment agreements?

g.  Did NuWest act in bad faith?

h.  Did NuWest engage in fraudulent concealment?

i.  Did NuWest's conduct violate state wage payment statutes?

j.  Did NuWest fail to include certain forms of non-discretionary compensation in Plaintiffs and class members' regular rate of pay?

k.  Did NuWest's failure to include forms of compensation such as "Holiday" pay, "Meals and Incidentals Stipend," and "Housing Stipend" in calculating its

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1   employees' regular rates result in said employees not being adequately
compensated for overtime work?

2   56.   <u>Typicality</u>: Plaintiffs' claims are typical of other members of the Class because all

3   of the claims arise from the same course of conduct by NuWest, arise from the same fraudulent

4   business practice, and are based on the same legal theories.

5   57.   <u>Adequacy of Representation</u>: Plaintiffs are adequate class representatives because

6   their interests do not conflict with the interests of the Class members whom they seek to

7   represent. Plaintiffs have retained counsel with substantial experience in prosecuting complex

8   and class action litigation. Plaintiffs and their counsel are committed to vigorously prosecuting

9   this action on behalf of Class members and have the financial resources to do so. The Class

10   members' interests will be fairly and adequately protected by Plaintiffs and their counsel.

11   58.   <u>Superiority of Class Action</u>: Class treatment is superior to individual treatment, as

12   it will permit a large number of similarly situated persons to prosecute their respective class

13   claims in a single forum, simultaneously, efficiently, and without unnecessary duplication of

14   evidence, effort, and expense that numerous individual actions would produce.

15   59.   To the extent not all issues or claims, including the amount of damages, can be

16   resolved on a class-wide basis, Plaintiffs invoke Federal Rule of Civil Procedure 23(c)(4),

17   reserving the right to seek certification of a class action with respect to particular issues, and

18   Federal Rule of Civil Procedure 23(c)(5), reserving the right to divide the class into subclasses.

19   **COLLECTIVE ACTION ALLEGATIONS**

20   60.   Plaintiffs bring their tenth cause of action, the FLSA claim arising out of

21   NuWest's overtime violations, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on

22   behalf of themselves and the following collective action class:

23   All persons currently or formerly employed by NuWest who worked more
than forty (40) hours in a workweek and whose regular rate of pay did not
24   include the "Holiday" pay, "Meals and Incidentals Stipend," or "Housing
Stipend" (or their equivalents by any other name) at any time from three (3)
25

26

CLASS ACTION COMPLAINT - 15

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1   years prior to the filing of the initial Class and Collective Action Complaint
    to the present.

Plaintiffs' FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. §

216(b).

61.     Plaintiffs, individually and on behalf of all others similarly situated, seek relief on

a collective basis challenging NuWest's above-described FLSA violations. The number and

identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from

NuWest's records, and potential opt-in plaintiffs may easily and quickly be notified of the

pendency of this action.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT
### *On Behalf of Plaintiffs and the Class*

62.     Plaintiffs hereby repeat, reiterate, and incorporate by reference each of the

foregoing allegations with the same force and effect as if set forth herein.

63.     NuWest offered Plaintiffs and class members employment by certain written

terms in the agreement.

64.     As consideration for their agreement, NuWest agreed, among other things, to

employ, pay, and provide certain benefits to Plaintiffs and class members under their respective

agreements; and Plaintiffs and class members agreed, among other things, to provide undertake

certain obligations.

65.     The parties mutually assented to the agreement.

66.     Plaintiffs and class members accepted NuWest's offer of employment by

executing the agreement.

67.     After the parties entered the agreement, NuWest materially breached the

agreement by failing to pay Plaintiffs and class members the amounts it promised.

68.     In making take-or-leave-it pay reductions under circumstances where NuWest

knew Plaintiffs and class members would have no choice but to continue working despite the

CLASS ACTION COMPLAINT - 16

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

unilateral pay reduction, NuWest also deliberately breached the implied covenant of good faith and fair dealing inherent in the parties' agreements.

69.     Before the breaches, Plaintiffs and class members had fulfilled all conditions precedent applicable to them.

70.     Plaintiffs' and class members' damages would not have occurred but for NuWest's breaches, and NuWest's breaches proximately caused Plaintiffs' and class members' damages.

71.     Following the breaches, Plaintiffs and class members made all reasonable efforts to mitigate resulting damages.

72.     Plaintiffs' and class members' damages include the difference in compensation agreed to under the agreement and the actual compensation Plaintiffs and class members received, as well as the costs, expenses, and losses Plaintiffs and class members incurred as a natural and foreseeable result or consequence of NuWest's breaches.

## SECOND CAUSE OF ACTION: PROMISSORY ESTOPPEL
### *On Behalf of Plaintiffs and the Class*

73.     Plaintiffs hereby repeat, reiterate, and incorporate by reference each of the foregoing allegations with the same force and effect as if set forth herein.

74.     NuWest made clear and unambiguous promises to Plaintiffs and class members regarding their pay rates that it knew or should have known would induce Plaintiffs and class members to enter into employment agreements with NuWest and incur certain costs and expenses associated with relocation and housing.

75.     Plaintiffs and class members reasonably relied on such promises in entering into employment agreements, relocating, and incurring certain expenses, costs, and losses.

76.     NuWest's promises in fact induced Plaintiffs and class members to enter into employment agreements, relocate, and incur certain expenses, costs, and losses. NuWest knew and intended for Plaintiffs and class members to rely on these promises.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1   77.   It would be unjust to allow NuWest to profit from making such inducing promises
2   and not fulfilling them.

3   78.   This injustice can be avoided only by forcing NuWest to fulfill these promises.

4   **THIRD CAUSE OF ACTION: UNJUST ENRICHMENT**
5   *On Behalf of Plaintiffs and the Class*

6   79.   Plaintiffs hereby repeat, reiterate, and incorporate by reference each of the
7   foregoing allegations with the same force and effect as if set forth herein.

8   80.   Plaintiffs and class members conferred a benefit upon NuWest by filling open
9   healthcare positions that permitted NuWest to profit as an intermediary staffing agency.

10  81.   NuWest appreciated and had knowledge of the benefit Plaintiffs and class
11  members conferred on it.

12  82.   NuWest, by making take-it-or-leave-it demands to reduce Plaintiffs' and class
13  members' pay rates or total compensation in the middle of their contractual terms, kept money
14  that it had contractually promised to Plaintiffs and class members and, therefore, accepted and
15  retained benefits under such circumstances as to make it inequitable for NuWest to retain such
16  benefits without payment of its value.

17  83.   Under the circumstances, NuWest should in justice and fairness be compelled to
18  give its benefit to Plaintiffs and class members.

19  **FOURTH CAUSE OF ACTION: FRAUDULENT INDUCEMENT**
20  *On Behalf of Plaintiffs and the Class*

21  84.   Plaintiffs hereby repeat, reiterate, and incorporate by reference each of the
22  foregoing allegations with the same force and effect as if set forth herein.

23  85.   NuWest made material representations of fact to Plaintiffs and class members
24  about their pay rates and total compensation that were false or misleading.

25

26

CLASS ACTION COMPLAINT - 18

86.     At the time it made such representations, NuWest knew that its representations were false and it would pay Plaintiffs and class members less than the amounts it promised if it so determined.

87.     NuWest's misrepresentations were made with the purpose to defraud Plaintiffs and class members.

88.     At the time it made such representations, NuWest knew Plaintiffs and class members would justifiably rely on its representations in entering into their travel assignment agreements, relocating, and incurring certain expenses, costs, and losses.

89.     NuWest had a duty to disclose its representations were false or misleading because NuWest had superior knowledge that was not reasonably available to Plaintiffs and class members, Plaintiffs and class members were entitled to know given the relation of trust and confidence between them, and disclosure was necessary to prevent Plaintiffs and class members from being misled or mistaken.

90.     Plaintiffs and class members did not know NuWest's representations regarding their pay rate were false or misleading and had a right to rely on and reasonably relied on them in entering into travel assignment agreements, relocating, and incurring certain expenses, costs, and losses.

91.     As a result of NuWest's fraudulent inducement, Plaintiffs and class members sustained damages as described herein.

92.     NuWest's false or misleading representations were reprehensible and NuWest should be subject to punitive damages, in that they were made in bad faith, premeditated, and done with actual malice.

### FIFTH CAUSE OF ACTION: FRAUDULENT CONCEALMENT
*On Behalf of Plaintiffs and the Class*

93.     Plaintiffs hereby repeat, reiterate, and incorporate by reference each of the foregoing allegations with the same force and effect as if set forth herein.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

94.     As their prospective employer, NuWest owed Plaintiffs and class members a duty to disclose the fact that NuWest would unilaterally reduce their pay rates or total compensation after they accepted a position that required relocating and incurring certain expenses, costs, and losses.

95.     NuWest intended to defraud or deceive Plaintiffs and class members.

96.     Plaintiffs and class members justifiably relied on NuWest's fraudulent concealment by entering into employment agreements, relocating, and incurring certain expenses, costs, and losses.

97.     As a result of NuWest's fraudulent inducement, Plaintiffs and class members sustained damages as described herein.

## SIXTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION
### *On Behalf of Plaintiffs and the Class*

98.     Plaintiffs hereby repeat, reiterate, and incorporate by reference each of the foregoing allegations with the same force and effect as if set forth herein.

99.     As their prospective employer, NuWest owed Plaintiffs and class members a duty of reasonable care to not make false or misleading statements regarding their employment.

100.    NuWest knew, should have known, or recklessly disregarded that its representations to Plaintiffs and class members regarding their pay rates and overall compensation reflected in the travel assignment agreements were false or misleading, because it was reasonably foreseeable that NuWest would make a "take-it-or-leave-it" demand to accept less compensation or be terminated after acceptance of the initial offer.

101.    NuWest intended for Plaintiffs and class members to act on the false or misleading statements.

102.    NuWest knew or should have known that Plaintiffs and class members would rely on the false or misleading statements.

CLASS ACTION COMPLAINT - 20

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

103.     NuWest breached its duty of reasonable care by making the false or misleading statements and thus failing to act as a reasonably prudent person would have under the same or similar circumstances by not making those statements.

104.     Plaintiffs and class members justifiably relied on NuWest's negligent misrepresentations by entering into employment agreements, relocating, and incurring certain expenses, costs, and losses.

105.     As a result of NuWest's negligent misrepresentations, Plaintiffs and class members sustained damages as described herein.

**SEVENTH CAUSE OF ACTION:**
**VIOLATION OF STATE WAGE PAYMENT LAWS**
*On Behalf of Plaintiffs and the State Wage Payment Laws Class*

106.     Plaintiffs hereby repeat, reiterate, and incorporate by reference each of the foregoing allegations with the same force and effect as if set forth herein.

107.     At all times relevant to this action, Plaintiffs and class members were employed by NuWest.

108.     NuWest's course of conduct described above violated wage payment laws of the states listed herein by failing to pay all wages due or owed to Plaintiffs and other similarly situated employees for which the company had agreed to pay. NuWest's failure to pay all wages due and owing to its employees is in violation of the following state wage payment laws, each of whose relevant terms are materially equivalent such that a common violation may be established on a class-wide basis:

      a.     Alaska – Alaska Stat. § 23.05.140 et seq.;

      b.     Arizona – Ariz. Rev. Stat. Ann. § 23–351 et seq.;

      c.     Arkansas – Ark. Code Ann. § 11–4–401 et seq.;

      d.     California – Cal. Lab. Code § 204 et seq.;

      e.     Colorado – Colo. Rev. Stat. § 8–4–101 et seq.;

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1       f.      Connecticut – Conn. Gen. Stat. Ann. § 31–71b et seq.;

2       g.     Delaware – Del. Code Ann. tit. 19, § 1102 et seq.;

3       h.     Florida – Fla. Stat. Ann. § 448.08 et seq.;

4       i.      Georgia – Ga. Code Ann. § 34–7–2 et seq.; Ga. Code Ann. § 51-1-6 et

5              seq.;

6       j.      Hawaii – Haw. Rev. Stat. § 388–2 et seq.;

7       k.     Idaho – Idaho Code Ann. § 45–608 et seq.;

8       l.      Illinois – 820 ILCS 115/1 et seq.;

9       m.    Indiana – Ind. Code Ann. § 22–2-5–1 et seq.;

10      n.     Iowa – Iowa Code Ann. § 91A.3 et seq.;

11      o.     Kansas – Kan. Stat. Ann. § 44–314 et seq.;

12      p.     Kentucky – Ky. Rev. Stat. Ann. § 337.020 et seq.;

13      q.     Louisiana – La. Rev. Stat. Ann. § 23:631 et seq.;

14      r.      Massachusetts – Mass. Gen. Laws Ann. ch. 149, § 148 et seq.;

15      s.      Minnesota – Minn. Stat. Ann. § 181.101 et seq.;

16      t.      Mississippi – Miss. Code. Ann. § 71–1–35 et seq.;

17      u.     Missouri – Mo. Ann. Stat. § 290.080 et seq.;

18      v.      Montana – Mont. Code Ann. § 39–3–204 et seq.;

19      w.    Nebraska – Neb. Rev. Stat. § 48–1230 et seq.;

20      x.      Nevada – Nev. Rev. Stat. Ann. § 608.060 et seq.;

21      y.      New Hampshire – N.H. Rev. Stat. Ann. § 275:43 et seq.;

22      z.      New Jersey – N.J. Stat. Ann. § 34:11–4.2 et seq.;

23      aa.   New Mexico – N.M. Stat. Ann. § 50–4–26 et seq.;

24      bb.   New York – N.Y. Lab. Law § 191 et seq.;

25      cc.   North Carolina – N.C. Gen. Stat. Ann. § 95–25.6 et seq.;

26

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

| | | |
|---|---|---|
| dd. | North Dakota – N.D. Cent. Code Ann. § 34–14–02 et s–q.; | |
| ee. | Ohio – Ohio Rev. Code Ann. § 4113.15 et seq.; | |
| ff. | Oklahoma – Okla. Stat. Ann. tit. 40, § 165.2 et seq.; | |
| gg. | Oregon – Or. Rev. Stat. Ann. § 652.120 et seq.; | |
| hh. | Pennsylvania – 43 Pa. Stat. Ann. § 260.3 et seq.; | |
| ii. | Rhode Island – R.I. Gen. Laws Ann. § 28–14–2.2 et seq.; | |
| jj. | South Carolina – S.C. Code § 41–10–10 et seq.; | |
| kk. | South Dakota – S.D. Codified Laws § 60–11–1 et seq.; | |
| ll. | Utah – Utah Code Ann. § 34–28–3 et seq.; | |
| mm. | Vermont – Vt. Stat. Ann. tit. 21, § 342 et seq.; | |
| nn. | Virginia – Va. Code Ann. § 40.1–29 et seq.; | |
| oo. | Washington – RCW 49.48 et seq.; | |
| pp. | West Virginia – W. Va. Code Ann. § 21–5–3 et seq.; | |
| qq. | Wisconsin – Wis. Stat. Ann. § 109.03 et seq.; and | |
| rr. | Wyoming – Wyo. Stat. Ann. § 27–4–101 et seq. | |

109.   NuWest maintains a company-wide policy and practice of failing and refusing to pay wages due and owing to Plaintiffs and other similarly situated employees, and said policy is willful in nature and not the result of a good-faith mistake.

### **EIGHTH CAUSE OF ACTION: VIOLATION OF CALIFORNIA LABOR CODE § 970**
*On Behalf of Plaintiff Hamilton and the California Class*

110.   Plaintiffs hereby repeat, reiterate, and incorporate by reference each of the foregoing allegations with the same force and effect as if set forth herein.

111.   California Labor Code § 970 prohibits employers from influencing or persuading an employee to relocate from one place to another for work, by means of knowingly false misrepresentations regarding, among other things, the kind, character, or existence of such

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

work; the length of time such work will last; or the compensation therefor. Cal. Lab. Code § 970.

112.   NuWest made representations to Plaintiff Hamilton and members of the California Class (collectively "Plaintiffs" for purposes of this and the following count) concerning the kind or character of the work they would perform, the length of time the work would last, or the compensation therefor.

113.   NuWest's representations were false, for the reasons alleged herein.

114.   NuWest knew when the representations were made that they were false.

115.   NuWest intended that Plaintiffs would rely on its false representations.

116.   Plaintiffs relied on NuWest's false representations and relocated for the purpose of working for NuWest.

117.   As a result of NuWest's misrepresentations, Plaintiffs were harmed, and their reliance on the NuWest's representations was a substantial factor in causing such harm.

### NINTH CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE § 17200
#### On Behalf of Plaintiff Hamilton and the California Class

118.   Plaintiffs hereby repeat, reiterate, and incorporate by reference each of the foregoing allegations with the same force and effect as if set forth herein.

119.   The California Unfair Competition Law prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200, et seq. NuWest has engaged in business acts and practices that, as alleged above, constitute unfair competition in violation of Business and Professions Code section 17200.

**Unlawful**

120.   NuWest's unlawful conduct under the Unfair Competition Law includes, but is not limited to, violating California Labor Code § 970, and the other statutes and regulations alleged herein.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

**Unfair**

121.   NuWest's business practices, as alleged herein, violate the "unfair" prong of the Unfair Competition Law because they resulted in Plaintiffs and members of the California Class being misled and denied pay for wages they earned and were promised pursuant to their binding employment agreements. Further, said business practices offend established public policy and are immoral, unethical, and unscrupulous or substantially injurious to employees.

122.   Any reasons, justifications, or motives that NuWest may offer for the practices described herein are outweighed by the gravity of harm to the victims. The injuries suffered by Plaintiffs and the California Class are substantial and are not outweighed by any countervailing benefits to consumers or competition.

**Fraudulent**

123.   NuWest's conduct, as described herein, is fraudulent because it is likely to deceive members of the public.

120.   NuWest's bait-and-switch tactics were indeed calculated to deceive—and in fact did deceive—Plaintiffs and members of the California Class into accepting travel nursing assignments at a promised rate of pay, only to have that promised rate reduced after they had undertaken obligations under the agreement.

121.   Plaintiffs and members of the California Class have standing to pursue this cause of action because they suffered injury in fact and lost money as a result of NuWest's misconduct described herein.

122.   Furthermore, Plaintiffs and the California Class seek restitutionary disgorgement from NuWest and public injunctive relief prohibiting NuWest from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

123.   Plaintiffs and members of the California Class seek all monetary and non-monetary relief allowed by law, including restitution of all profits stemming from NuWest's

CLASS ACTION COMPLAINT - 25

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 ● FAX 206.682.2992

1    unfair, unlawful, and fraudulent business practices; declaratory relief; reasonable attorneys' fees

2    and costs under California Code of Civil Procedure § 1021.5; injunctive relief; and other

3    appropriate equitable relief.

4    ## TENTH CAUSE OF ACTION: UNPAID OVERTIME UNDER THE FLSA

     *On Behalf of Plaintiffs and the Nationwide FLSA Collective*

5    124.    Plaintiffs hereby repeat, reiterate, and incorporate by reference each of the

6    foregoing allegations with the same force and effect as if set forth herein.

7    125.    At all times relevant to this action, Plaintiffs and other similarly situated

8    employees (collectively "Plaintiffs" for purposes of this count) were employed by NuWest.

9
10   126.    NuWest violated the FLSA by failing to pay Plaintiffs for all overtime hours

11   worked at one and one-half times the regular rate for all hours worked in excess of forty hours

12   in a workweek.

13   127.    Specifically, the FLSA requires that employees are paid one and one-half times

14   their "regular rate" of pay. The "regular hourly rate of pay of an employee is determined by

15   dividing his or her total remuneration for employment (except statutory exclusions) in any

16   workweek by the total number of hours actually worked by him in that workweek for which

17   such compensation was paid." 29 C.F.R. § 778.109.

18   128.    NuWest improperly reduced its employees' regular rate when calculating

19   overtime by wrongfully excluding certain forms of compensation, including stipends and

20   allowances.

21   129.    In so doing, NuWest failed to properly compensate Plaintiffs for overtime worked

22   pursuant to the FLSA.

23   130.    NuWest is not eligible for any FLSA exemption excusing their failure to pay

24   overtime.

25   131.    Plaintiffs are victims of a uniform, company-wide compensation policy.

26

CLASS ACTION COMPLAINT - 26

132.   Plaintiffs are entitled to damages equal to the mandated overtime premium pay within the three years preceding their joining this action, plus periods of equitable tolling, because NuWest acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

133.   NuWest has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, in addition to their other damages, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b). Alternatively, should the Court find NuWest did act with good faith and reasonable grounds in failing to pay overtime pay, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## ELEVENTH CAUSE OF ACTION: VIOLATION OF STATE OVERTIME STATUTES
*On Behalf of Plaintiffs and the State Unpaid Overtime Class*

134.   Plaintiffs hereby repeat, reiterate, and incorporate by reference each of the foregoing allegations with the same force and effect as if set forth herein.

135.   At all times relevant to this action, Plaintiffs and other similarly situated employees were employed by NuWest.

136.   NuWest's course of conduct described herein violated the various overtime statutes of the several states listed in the subsequent paragraph by improperly excluding from its employees' regular rate certain forms of compensation, including stipends and allowances, thereby resulting in unpaid overtime owed to Plaintiffs and other similarly situated employees.

137.   NuWest's failure to pay overtime to its employees is in violation of the following state overtime laws, each of whose relevant terms are materially equivalent such that a common violation may be established on a class-wide basis:

a.      Alaska – Alaska Stat. § 23.10.060 et seq.;

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

| | | |
|---|---|---|
| 1 | b. | Colorado – Colo. Rev. Stat. §§ 8–6–101 et seq.; 7 Colo. Code Regs § |
| 2 | | 1103–1(4) et seq.; |
| 3 | c. | Connecticut – Conn. Gen. Stat. Ann. § 31–76c et seq.; |
| 4 | d. | Delaware – Del. Code Ann. tit. 19, § 1102 et seq.; |
| 5 | e. | Florida – Fla. Stat. Ann. § 448.08 et seq.; Fla. Stat. Ann. § 488.01 et seq.; |
| 6 | f. | Georgia – Ga. Code Ann. § 9-3-22 et seq.; |
| 7 | g. | Hawaii – Haw. Rev. Stat. Ann. § 387–3 et seq.; |
| 8 | h. | Illinois – 820 Ill. Comp. Stat. Ann. 105/4a et seq.; |
| 9 | i. | Kentucky – Ky. Rev. Stat. Ann. § 337.285 et seq.; |
| 10 | j. | Michigan – Mich. Comp. Laws Ann. § 408.414a et seq.; |
| 11 | k. | Minnesota – Minn. Stat. Ann. § 177.23 et seq. et seq.; |
| 12 | l. | Missouri – Mo. Ann. Stat. § 290.505 et seq.; |
| 13 | m. | Montana – Mont. Rev. Code Ann. § 39–3–405 et seq.; |
| 14 | n. | Nevada – Nev. Rev. Stat. § 608.018 et seq.; |
| 15 | o. | New Hampshire – N.H. Rev. Stat. Ann. § 279:21 et seq.: |
| 16 | p. | New Jersey – N.J. Stat. Ann. § 34:11–56a4 et seq.; |
| 17 | q. | New Mexico – N.M. Stat. Ann. § 50–4–22 et seq.; |
| 18 | r. | New York – N.Y. Comp. Codes R. & Regs. tit. 12, § 142–3.2 et seq.; |
| 19 | s. | North Carolina – N.C. Gen. Stat. Ann. § 95–25.4 et seq.; |
| 20 | t. | North Dakota – N.D. Admin. Code 46–02–07–02(4) et seq.; |
| 21 | u. | Ohio – Ohio Rev. Code Ann. § 4111.03 et seq.; |
| 22 | v. | Oklahoma – Okla. Stat. Ann. tit. 74, § 840–2.15 et seq.; |
| 23 | w. | Oregon – Or. Rev. Stat. Ann. §§ 653.055, 653.261 et seq.; |
| 24 | x. | Pennsylvania – 43 Pa. Stat. Ann. § 333.104 et seq.; |
| 25 | y. | Rhode Island – 28 R.I. Gen. Laws Ann. § 28–12–4.1 et seq.; |
| 26 | | |

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

z.     Vermont – Vt. Stat. Ann. tit. 21, § 384 et seq.;

aa.    Virginia – Va. Code Ann. § 40.1–29.2 et seq.;

bb.    Washington – RCW § 49.46.130 et seq.;

cc.    West Virginia – W. Va. Code Ann. § 21–5C–3 et seq.; and

dd.    Wisconsin – Wis. Admin. Code DWD § 274.015 et seq.

138.   NuWest maintains a uniform, company-wide policy and practice of miscalculating the overtime rate of Plaintiffs and other similarly situated employees, and said policy is willful in nature and not the result of a good faith mistake.

**TWELFTH CAUSE OF ACTION: ENFORCEMENT OF THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004**
*By Plaintiff Hamilton on Behalf of the State of California*

139.   Plaintiffs hereby repeat, reiterate, and incorporate by reference each of the foregoing allegations with the same force and effect as if set forth herein.

140.   Plaintiff Hamilton is an "aggrieved employee" within the meaning of California Labor Code § 2699(c) and a proper representative to bring a civil action as a representative of the State of California and on behalf of herself and other current and former employees of NuWest in California pursuant to the procedures specified in California Labor Code § 2699.3. Plaintiff Hamilton was employed by NuWest and the alleged violations of the California Labor Code were committed against Plaintiff Hamilton and other aggrieved employees of NuWest during the relevant period.

141.   Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, Plaintiff Hamilton, as a representative of the State of California and on behalf of herself and all other similarly aggrieved employees, seeks to recover civil penalties, including but not limited to penalties under California Labor Code § 2699 for NuWest's violation of the following Labor Code sections:

CLASS ACTION COMPLAINT - 29

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 ● FAX 206.682.2992

1         a.  Unlawful solicitation of employees by misrepresentation in violation of California
2           Labor Code § 970;
3         b.  Unlawful failure to make timely payment of all wages due upon termination in
4           violation of California Labor Code §§ 201, 202, 203, and/or 204;
5         c.  Failure to indemnify employees for expenses and losses in violation of California
6           Labor Code § 2802; and
7         d.  Failure to indemnify employees for want of ordinary care in violation of
8           California Labor Code § 2800.

142.   Pursuant to California Labor Code §§ 2699.3, on July 21, 2022, Plaintiff Hamilton gave written notice by online submission to the California Labor and Workforce Development Agency ("LWDA") and by certified mail to NuWest of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. To date, the LWDA has not provided notice to Plaintiff Hamilton that it intends to investigate the alleged violations. Plaintiff Hamilton reserves the right to amend her pleadings to reflect any possible updated status concerning her pre-suit notice under PAGA.

143.   Plaintiff Hamilton has complied with, and will continue to comply with, the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

**REQUEST FOR RELIEF**

Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that the Court enter judgment in their favor and against NuWest as follows:

A.   That the Court certify this action as a class action, proper and maintainable pursuant to Rule 23 of the Federal Rules of Civil Procedure; declare that Plaintiffs are proper class representatives, and appoint Plaintiffs' counsel as Class Counsel;

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1
2
3
4

        B.      That the Court award Plaintiffs and the Class or Subclass(es) compensatory, consequential, general, nominal, statutory, and punitive or exemplary damages (along with any other damages available at law) to the extent permitted by law and in an amount to be determined at trial;

5
6

        C.      That the Court issue notice to all similarly situated employees of NuWest informing them of their right to file consents to join the FLSA portion of this action;

7
8

        D.      That the Court award Plaintiffs and all similarly situated employees damages for unpaid overtime wages under 29 U.S.C. § 216(b);

9
10

        E.      That the Court award Plaintiffs and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

11
12

        F.      That the Court award statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code § 2698 et seq.;

13
14
15

        G.      That the Court award reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1), California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

16
17

        H.      That the Court award to Plaintiffs the costs and disbursements of the action, along with reasonable attorneys' fees, costs, and expenses as provided by law;

18

        I.      That the Court award pre-and post-judgment interest at the maximum legal rate;

19
20
21

        J.      That the Court disgorge any unjust enrichment or revenue NuWest gained from its unjust business practices, including the practice of making mid-contract take-it-or-leave-it demands without fair and just compensation; and

22

        K.      That the Court grant all such other relief as it deems just and proper.

23
24
25
26

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

## **DEMAND FOR JURY TRIAL**

2
3
Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial on all

claims so triable.

4

5
Dated:  August 10, 2022

6
**TOUSLEY BRAIN STEPHENS PLLC**

7
By: *s/ Kim D. Stephens*
Kim D. Stephens, WSBA #11984
8
By: *s/ Kaleigh N. Boyd*
Kaleigh N. Boyd, WSBA #52684
9
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101-3147
10
Tel: (206) 682-5600/Fax: (206) 682-2992
*kstephens@tousley.com*
11
*kboyd@tousley.com*

12
**STUEVE SIEGEL HANSON LLP**
13
J. Austin Moore*
Alexander T. Ricke*
14
K. Ross Merrill*
*Pro hac vice applications forthcoming*
15
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
16
Tel: (816) 714-7100
moore@stuevesiegel.com
17
ricke@stuevesiegel.com
merrill@stuevesiegel.com
18

19
***Attorneys for Plaintiffs and the Putative Class
and Collective***
20

21

22

23

24

25

26

CLASS ACTION COMPLAINT - 32

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION OF WASHINGTON
SEATTLE DIVISION**

|  |  |
|---|---|
| ANGELA HAMILTON and MATTHEW HOGAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NUWEST GROUP HOLDINGS, LLC,<br><br>Defendant. | Case No. _____<br><br>**Jury Trial Demanded** |

**CONSENT TO JOIN**
**Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)**

**I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Nuwest Group Holdings, LLC.  If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) (or any related entities) for unpaid wages and/or overtime.  By joining this lawsuit, I designate the Named Plaintiff as my representative, and allow her, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit to the fullest extent permitted by law.  I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable.  For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP any other attorneys with whom they may associate.

Aug 8, 2022
_____
Date

*Angela T Hamilton*
Angela T Hamilton (Aug 8, 2022 11:18 CDT)
_____
Signature

Angela T Hamilton
_____
Full Legal Name (print)

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION OF WASHINGTON
SEATTLE DIVISION**

| | |
|---|---|
| ANGELA HAMILTON and MATTHEW HOGAN, individually and on behalf of all others similarly situated,<br><br>     **Plaintiffs,**<br><br>  v.<br><br>NUWEST GROUP HOLDINGS, LLC,<br><br>     Defendant. | Case No. _____<br><br>**Jury Trial Demanded** |

**CONSENT TO JOIN**
**Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)**

  **I CONSENT TO JOIN THIS LAWSUIT** as a Party Plaintiff seeking unpaid wages and/or overtime against Nuwest Group Holdings, LLC.  If this case does not proceed collectively, I also consent to join any subsequent action against any Defendant(s) (or any related entities) for unpaid wages and/or overtime.  By joining this lawsuit, I designate the Named Plaintiffs as my representative, and allow them, to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, including settlement, the entering of an agreement with Plaintiffs' Counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit to the fullest extent permitted by law.  I understand that I will be bound by any ruling, settlement, or judgment whether favorable or unfavorable.  For purposes of this lawsuit, I choose to be represented by Stueve Siegel Hanson LLP any other attorneys with whom they may associate.

Aug 10, 2022
_____

Date

*Matthew Hogan (Aug 10, 2022 11:44 EDT)*
_____

Signature

Matthew Hogan
_____

Full Legal Name (print)