THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELA HAMILTON, and MATTHEW HOGAN, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>   v.<br><br>NUWEST GROUP HOLDINGS LLC,<br><br>                Defendant. | CASE NO. C22-1117-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's amended motion to dismiss Plaintiffs' amended class action complaint. (Dkt. No. 25.) Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons described below.

I.     BACKGROUND

Defendant NuWest Group Holdings, LLC ("NuWest" or "Defendant"), is a limited liability company incorporated in the State of Washington with its principal place of business located at 353 118th Avenue Southeast, Bellevue, Washington. (Dkt. No. 21 at 1.) NuWest is a staffing agency that contracts with hospitals to fill short-term employment gaps by recruiting and employing traveling nurses. (*Id*.) According to the complaint, Plaintiffs Angela Hamilton (citizen of Oklahoma), Matthew Hogan (citizen of Kentucky), and Dana McDermott (citizen of

Tennessee), (collectively "Plaintiffs"), were traveling nurses recruited by NuWest to work in hospitals located in California, Montana, Wisconsin, Michigan, Colorado, Texas, New York, and Maine, respectively.[1] (*Id*. at 3.) Each of the Plaintiffs accepted their individual job offers, and relocated to their new state to begin working. (*Id*.) At some point following relocation, but before their initial contracts expired, NuWest allegedly demanded that each accept a revised contract with a reduced compensation package. (*Id*. at 7–10.) Plaintiffs allege that they were left with no choice but to accept this "take-it-or-leave-it" offer, given the substantial relocation costs that were already incurred. (*Id*.) Additionally, Plaintiffs allege NuWest excluded various stipends and allowances paid to its employees from the base compensation rate used to calculate the overtime rate for this new contract, in violation of federal and state labor laws. (*Id*. at 12.)

Based on these facts, Plaintiffs bring 18 causes of action, including common law contract and tort claims, along with claims based on federal and state labor laws. (*Id.* at 23–47.) Plaintiffs claim they are owed the difference in pay between the initial and revised contracts, as well as the unpaid overtime. (*Id.*) The claims presently at issue are the Fourth, Fifth, Seventh, and Eleventh Causes of Action. (Dkt. No. 25 at 5–6.) Defendant moves to dismiss the Fourth and Fifth because Plaintiffs have failed to properly plead fraud. (*Id*. at 13–14.) Defendant moves to dismiss the Seventh and Eleventh Causes of Action because Plaintiffs lack standing to bring claims from states they do not reside or work in. (*Id*. at 8–13.)

## II.  DISCUSSION

### A.  Standing

Plaintiffs' Seventh Cause of Action alleges violations of 44 different state wage-payment statutes. (Dkt. No. 21 at 29–31.) Plaintiffs' Eleventh Cause of Action alleges violations of 30 different state overtime-protection statues. (*Id*. at 36–38.) Defendant urges the Court to dismiss the bulk of Plaintiffs state law claims because the named Plaintiffs only have standing to assert

---

[1] Defendants challenge Plaintiffs' claim that they worked anywhere except for California, Montana, and Wisconsin. That will be addressed below. *See infra,* Section II(A).

1  violations of California, Montana, and Wisconsin state laws. (Dkt. No. 25 at 11.)

2       A complaint must be dismissed if the Court lacks subject matter jurisdiction, which would include the complaining party's lack of standing to pursue its claims. Fed. R. Civ. P. 12(b)(1). If the plaintiff lacks standing, then this Court lacks subject matter jurisdiction, and the case must be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998). A Rule 12(b)(1) jurisdictional challenge may be facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When resolving a factual challenge, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgement. *See Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016.) In evaluating the evidence, the court "need not presume the truthfulness of the plaintiffs' allegations." *Id*. at 517. However, any factual dispute "must be resolved in favor of Plaintiffs." *Id*.

     Plaintiffs urge the Court to apply the class certification approach, articulated in a relatively recent Ninth Circuit decision, and deny Defendant's motion. (Dkt. No. 33 at 13.) Under this approach, "any issues regarding the relationship between the class representative and the passive class members—such as dissimilarity in injuries suffered—are relevant only to class certification, not to standing." *Melendres v. Arpaio*, 784 F.3d 1254, 1262 (9th Cir. 2015). The parties' opposing positions rely on conflicting interpretations of this decision.[2]

     In *Melendres*, the plaintiffs brought a class action on behalf of individuals stopped by Arizona police officers in two distinct factual situations which, for the purpose of this analysis, will be referred to as Group A and Group B. *Id.* at 1258. The named plaintiffs claimed that individuals in both groups had their Fourth Amendment rights violated, but the named plaintiffs only belonged to Group A, and the defendants argued that they did not have standing to represent

---

[2] The Court notes that many of the cases cited by the parties are either factually distinguishable from the present case, (*i.e.*, not related to a putative class member bringing out-of-state claims) or decided before the *Melendres* opinion. Those cases will not be discussed or considered.

ORDER
C22-1117-JCC
PAGE - 3

the constitutional interests of the unnamed Group B members. *Id*. The Ninth Circuit rejected this argument, noting that "it conflates standing and class certification." *Id*. The court explained that under the class certification approach, which the Ninth Circuit unequivocally adopted, "once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met." *Id*. at 1262.

Prior to *Melendres,* the "majority of courts to consider this question have concluded that when a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal." *Mollicone v. Universal Handicraft, Inc.*, 2017 WL 440257, slip op. at 9 (C.D. Cal. 2017) (citation omitted). Indeed, "[c]ourts routinely dismiss[ed] claims where no plaintiff [was] alleged to reside in a state whose laws the class [sought] to enforce." *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 990 (N.D. Cal. 2016).

Unfortunately, courts in this circuit have not agreed on how *Melendres* alters the analysis, if at all. Some courts, and the Plaintiffs here, interpret *Melendres* to be mean that **any** "disjuncture" between the claims of named and unnamed plaintiffs, including the presence of out-of-state claims, should be resolved at the class certification stage, not as a threshold standing issue. *See e.g., In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*, 295 F. Supp. 3d 927 (N.D. Cal. 2018) (refusing to distinguish *Melendres* from cases involving out-of-state claims); *Carpenter v. Petsmart, Inc.*, 441 F. Supp. 3d 1028, 1040 n.4 (S.D. Cal. 2020) (applying *Melendres* to deny a motion to dismiss out-of-state claims); *Kutza v. Williams-Sonoma, Inc.*, 2018 WL 5886611, slip op. at 2 (N.D. Cal. 2018) (discussing *Melendres* and deferring the standing issue until the class certification stage); *Pecanha v. The Hain Celestial Grp., Inc.*, 2018 WL 534299, slip op. at 9 (N.D. Cal. 2018) (same); *Hrapoff v. Hisamitsu America, Inc.*, 2022 WL 2168076 (N.D. Cal. 2022) (same).

Other courts interpret *Melendres* to still require a named plaintiff to establish Article III standing for all the claims addressed, including out-of-state claims. *See e.g., In re Packaged*

*Seafood Products*, 242 F. Supp. 3d 1033, 1096 (S.D. Cal. 2017); *Jones v. Micron Technology*, 400 F. Supp. 3d 897, 909 (N.D. Cal. 2019); *Goldstein v. General Motors LLC*, 445 F. Supp. 3d 1000, 1020 (S.D. Cal. 2020); *Drake v. Toyota Motor Corp.*, 2020 WL 7040125, slip op. at 3–4 (C.D. Cal. 2020); *Rivera v. Invitation Homes, Inc.*, 2019 WL 11863726, slip op. at 3 (N.D. Cal. 2019). In short, their analysis concluded that "*Melendres* did not involve the application of multiple states' laws and thus has little bearing in this context." *Drake*, 2020 WL 7040125, slip op. at 3–4. Instead, "[t]he question here is whether the named Plaintiffs have standing to bring certain claims, not standing 'to obtain relief for unnamed class members' for the same injury as was the case in *Melendres*." *Goldstein*, 445 F. Supp. 3d at 1020. Applying this distinction, these courts dismissed state law claims where no named plaintiff has alleged injury, residence, or other pertinent connection (*i.e.*, standing). *See Jones*, 400 F. Supp. 3d at 909; *Rivera*, 2019 WL 11863726, slip op. at 3. Accordingly, *Melendres* does not, in these courts' views, stand for the proposition that this Court must delay its consideration of standing.

Notably, the only Western District of Washington case to apply *Melendres* to cases like the present came out in favor of the second group. *See Brenner v. Vizio, Inc.*, 2018 WL 2229274, slip op. (W.D. Wash. 2018). In *Brenner,* a Washington resident sought to file a class action against a streaming service alleging, *inter alia*, violations of 25 different state consumer protection laws. *Id*. at 1. The court found the plaintiff lacked standing to assert claims for states other than Washington. *Id*. at 3. In arriving at this conclusion, Judge Benjamin Settle found "[w]hile the class certification approach is appropriate for some issues" it does not apply when a plaintiff seeks to enforce state laws unrelated to the named plaintiff. *Id*. at 2. In particular, the court noted, "the issue here is not that Brenner and unnamed class members have suffered similar, but not identical injuries. In fact, it appears that all of the proposed class members have suffered the exact same injury . . . Instead, the issue here is that Brenner lacks standing to assert a violation of any state's consumer protection law except the state in which he lives. As such, this is a classic standing issue and not a class certification issue." *Id*.

This Court adopts Judge Settle's reasoning and will not defer the standing analysis. The weight of the authority, and a logical reading of *Melendres*, favors this approach. Particularly because this is not an instance where a plaintiff seeks to represent residents of other states under a federal statute, which likely will not vary much among the states. Rather, Plaintiffs put forward a plethora of state labor protection laws with potentially differing procedural and substantive requirements, and scopes. Therefore, this Court declines to postpone consideration until class certification because, among other reasons, it has serious reservations about subjecting Defendant to discovery in additional states before Plaintiffs first secure "actual plaintiffs who clearly have standing and are willing and able to assert claims under these state laws." *See Carrier*, 78 F. Supp. 3d at 1074. As Plaintiffs themselves note, they can move to amend the Complaint to add any applicable claim if/when additional parties are added to the case. (Dkt. No. 33 at 14.) But until then, the named Plaintiffs are required to demonstrate that they have Article III standing for every one of their claims.

To have standing to assert a claim, a plaintiff must have suffered an injury-in-fact that is fairly traceable to the actions of the defendant, and likely to be redressed by a favorable decision. *See, e.g., Ass'n of Public Agency Customers v. Bonneville Power Admin.*, 733 F.3d 939, 950 (9th Cir. 2013). Standing is claim-and relief-specific, such that a plaintiff must establish Article III standing for each of her claims and for each form of relief sought. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). Even in a class action, "standing is the threshold issue . . . If the individual plaintiff lacks standing, the court need never reach the class action issue." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).

Taken together, the named Plaintiffs allege to have worked and been injured in California, Montana, Wisconsin, Michigan, Colorado, Texas, New York, and Maine, respectively. (Dkt. No. 25 at 3.) Plaintiffs do not allege to have individual standing in any other state. Therefore, because the class representative has the burden of proving Article III standing, the Court Grants the Rule 12(b)(1) motion in part and DISMISSES without prejudice all claims

based on any other state law. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 978 (9th Cir. 2011).

But the inquiry does not end here. Defendant brings forward a factual challenge to the claim that Plaintiff McDermott worked and was injured in Michigan, Colorado, Texas, New York, and Maine. (Dkt. No. 25 at 5.) In evaluating this factual challenge, the Court "need not presume the truthfulness of the plaintiffs' allegations." *Edison*, 822 F.3d at 517. Defendant puts forward evidence that Plaintiff McDermott only worked in Wisconsin. (Dkt. No. 25 at 5.) Whereas Plaintiffs fail to provide any evidence to dispute this claim.[3] Therefore, the Court again grants the motion in part and DISMISSES without prejudice any state law claim in the Seventh and Eleventh Causes of Action not based in California, Montana, and Wisconsin. *See Meyer*, 373 F.3d at 1039.

### B. Fraud

Defendant next moves to dismiss the Fourth and Fifth Causes of Action on the grounds that Plaintiffs have failed to properly plead fraud. (Dkt. No. 25 at 13–14.)

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. When reviewing a Rule 12(b)(6) motion, this Court accepts factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of the nonmovant. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). However, all circumstances constituting fraud or mistake must be stated with particularity. Fed.

---

[3] Plaintiffs merely notes in response that factual disputes must be resolved in favor of the non-movant. (Dkt. No. 33 at 12.) This is true, but a dispute requires facts be presented on both sides. *See Harris v. N.Y. State Dep't of Health*, 202 F.Supp.2d 143, 175 (S.D.N.Y. 2002) ("A plaintiff cannot oppose a motion to dismiss through assertions of facts and references to documents not reflected in the complaint at issue[.]")

R. Civ. P. 9(b). To meet this standard, the complaint must state "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* Under Washington law,[4] fraud requires: "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff." *Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996).

Defendant argues that "[n]owhere in the pleadings do Plaintiffs point to any particularized facts establishing the time, place, and specific content of the allegedly false representation, the 'materiality of the allegedly false representation,' 'the falsity of the representation' at the time it was made, or 'the listener's reliance on the false representation." (Dkt. No. 25 at 13.) The Court disagrees. Plaintiffs properly plead facts supplying the who, what, when, where, and how of the alleged fraudulent scheme, easily satisfying the heightened pleading standard. *See Cafasso, United States ex rel. v. Gen. Dynamics C4, Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011).

First, Plaintiffs allege they were offered contracts they reasonably believed would be honored to completion. (Dkt. No. 25 at 10.) They accepted these contracts and moved to a new state to start working, which demonstrates reliance on this existing fact. (*Id*. at 6–11). They allege Defendant unilaterally changed the terms of the contractual agreement, which represents falsity. (*Id*.) They received significantly less compensation because of Defendant's actions, which represents damages. (*Id*.) That leaves the issue of knowledge and intent, which—given its nebulous nature—can be alleged generally. Fed. R. Civ. P. 9(b). Here, Plaintiffs allege a

---

[4] The Court need not make a ruling on the choice of law issue at this time.

systematic practice of the allegedly fraudulent conduct, which is circumstantial evidence of knowledge and intent. (Dkt. No. 25 at 21–11.)

Taken together, these facts satisfy the heightened pleading standard. Accordingly, the Court DENIES Defendant's Rule 12(b)(6) motion to dismiss Plaintiffs' Fourth and Fifth Causes of Actions.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 25) is GRANTED in part and DENIED in part. The state law claims, except those based on California, Montana, and Wisconsin law, in the Seventh and Eleventh Causes of Actions are dismissed without prejudice. The remaining claims survive.

DATED this 9th day of January 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE