UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELA HAMILTON and MATTHEW HOGAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NUWEST GROUP HOLDINGS, LLC,<br><br>Defendant. | Case No. C22-1117RSM<br><br>ORDER GRANTING IN PART MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION |

This matter comes before the Court on Plaintiffs' Motion for Conditional Collective Certification. Dkt. #42. Defendant NuWest Group Holdings, LLC ("NuWest") opposes. Dkt. #43. Plaintiffs ask this Court to 1) conditionally certify this action as a representative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), (2) order NuWest to produce a list of putative collective members and contact information; (3) direct that notice of this action be issued to the collective in the form and manner requested; (4) establish a 90-day period for opting in to the action; and (5) equitably toll the statute of limitations.

The proposed collective is described as:

> All current and former hourly, non-exempt employees of NuWest who (1) worked more than 40 hours in a workweek at any time from three years prior to the filing of the initial Complaint to the present and (2) who received a "Meals and Incidentals Stipend," or "Housing Stipend" (or their equivalents by any other name) that was not included in their regular rate of pay.

Dkt. #42 at 15.

ORDER GRANTING IN PART MOTION FOR CONDITIONAL COLLECTIVE
CERTIFICATION - 1

Plaintiffs seek to uphold the FLSA's requirement that an employer compensate an employee at a rate of "one and one-half times the regular rate" for hours worked in excess of 40 in a work week. 29 U.S.C. § 207(a)(1). The FLSA specifically authorizes employees to enforce this right to overtime pay via a private right of action, and to do so collectively, on behalf of themselves "and other employees similarly situated." 29 U.S.C. § 216(b).

Such collective actions are not subject to the numerosity, commonality, and typicality rules of a class action suit under Rule 23 of the Federal Rules of Civil Procedure. Instead, plaintiffs bringing a collective action must only show that they are "similarly situated" to the other members of the proposed class, and those other members must "opt in" to the proposed class. 29 U.S.C. § 216(b).

Courts typically employ a two-step approach to the determination of whether a proposed collective is "similarly situated." *Randolph v. Centene Mgmt. Co.*, 2015 WL 2062609, *2 (W.D. Wash. May 4, 2015); *see also Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018) (recognizing that the two-step "certification" process is "the near-universal practice"). At the first step, the "notice stage," the court determines whether the class should be conditionally certified and given notice of the pending action. *Randolph*, 2015 WL 2062609, at *2. As this step generally takes place before discovery and with limited evidence, *Clarke v. AMN Servs.*, LLC, 2017 WL 6942755, at *5 (C.D. Cal. Oct. 12, 2017), the standard of proof is "'akin to a plausibility standard,' so that the 'court's analysis is typically focused on a review of the pleadings but may sometimes be supplemented by declarations or limited other evidence.'" *Carlson v. United Nat. Foods, Inc.*, 2021 WL 3616786, at *2 (W.D. Wash. Aug. 14, 2021) (quoting *Campbell*, 903 F.3d at 1109)). To meet this standard, all that is required is a "modest

ORDER GRANTING IN PART MOTION FOR CONDITIONAL COLLECTIVE
CERTIFICATION - 2

factual showing," along with the allegations, that the plaintiff is "similarly situated" to the potential collective. *Id.*

Under the FLSA, an action is time-barred when it is filed more than two years after the cause of action accrued, although the limitations period may be extended by another year for willful violations. 29 U.S.C. § 255(a). For a named plaintiff, an FLSA action is commenced when they file a complaint or later file a consent to join the action. *Campbell*, 903 F.3d, at 1104, n.7 (citing 29 U.S.C. § 256). Opt-in plaintiffs' claims are commenced when they file a consent to join the action. 29 U.S.C. § 256(a). *Id*. at 1104. Consequently, the statute of limitations continues running until a putative plaintiff joins the action.

This case was filed on August 10, 2022. Dkt. #1. A Motion to Dismiss was granted in part and denied in part. Dkt. #37. Defendants filed an Answer, Dkt. #38, and later an Amended Answer, Dkt. #39. This instant Motion was filed on March 21, 2023. This case was reassigned to the undersigned on May 8, 2023.

NuWest is a "leading national staffing agency" that contracts with healthcare facilities to staff open positions. *See* Plaintiffs' First Amended Class and Collective Action Complaint ("Compl."), Dkt. #21, ¶¶ 14–16. NuWest signs up employees to fixed-term assignments at healthcare facilities across the country. *Id*. at ¶ 16. Nurses and other healthcare workers who accept these assignments often travel from their homes to work in other states. *Id*. at ¶¶ 18–20. As part of these contracts, NuWest offers "stipends" nominally for "Housing" and "Meals and Incidentals" that Plaintiffs allege are actually remuneration for their work and not expense reimbursement. *Id*. at ¶¶ 44-47. Plaintiffs allege that when NuWest pays overtime wages these stipends are excluded from the regular rate of pay resulting in underpayment. *Id*. at ¶¶ 47-54. Plaintiffs argue this practice violates the FLSA's requirement that "all remuneration for

ORDER GRANTING IN PART MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION - 3

employment" be included in an employee's regular rate of pay when calculating overtime payments. *See* 29 U.S.C. 207(e).

Plaintiffs have come forward with substantial allegations supported by declaration testimony, contracts, and paystubs tending to show the following: (1) that NuWest tied the value of the per diem stipends to hours worked (as opposed to expenses incurred) and (2) that NuWest excluded the value of these stipends from the "regular rate" when paying overtime. *See* Dkt. #42-4 through #42-10. Plaintiffs cite favorably to *Clarke v. AMN Servs., LLC*, 987 F.3d 848, 857 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 710 (2021) as an analogous case.

NuWest changed its contractual stipend language in 2022, possibly in response to litigation in California. *See* Dkt. #42 at 11 (NuWest removed the language providing that stipends would be "pro-rated" or not paid for "hours not worked" and added that "stipends will not be paid for Requested Time Off during which the Contractor does not perform any work during the work week or is no longer incurring duplicate living expenses."). However, Plaintiffs point to wrinkles in the revised contract language and the experience of employee Terri Seastrom. NuWest changed her contract mid-assignment to remove the offending language but added a provision allowing NuWest to "adjust rates downwards during your assignment" because the "market for health care staffing services is dynamic;" NuWest then reduced Ms. Seastrom's housing stipend from $672 to $100. *See* Dkt. #42 at 11–12 and at n.6.

NuWest is "willing to concede conditional certification (but not the merits), in part, regarding Plaintiffs' FLSA claims." Dkt. #43 at 1. NuWest takes issue with any claims arising after it made a change to its stipend policy in 2022 and claims from California where there has already been a settlement. *Id*. at 2. NuWest opposes Plaintiffs' proposed notice and related process, as well as their suggested consent to join form, and requests that the parties meet and

ORDER GRANTING IN PART MOTION FOR CONDITIONAL COLLECTIVE
CERTIFICATION - 4

confer about various deficiencies following the Court's Order. *Id*. NuWest argues against equitable tolling on behalf of putative opt-in plaintiffs.

The California settlement was for healthcare workers assigned to work in any facility inside California between March 25, 2017, and May 21, 2022. *See Knebel et al. v. NuWest Group Holdings, LLC*, Case No. BCV-22-101158, Superior Court of California, County of Kern. NuWest argues that, in response to *Knebel*, in March 2022 it altered its stipend policy to "untether[] the weekly expense stipends paid to traveling nurses… from hours worked [and to] calculate[] based on the stipend amount established by the U.S. General Services Administration (GSA)—*i.e.*, the *per diem* reimbursement rate used to pay federal employees for a given locale." Dkt. #43 at 4 (emphasis in original). NuWest also maintains that "putative plaintiffs who have already dismissed this claim [under *Knebel*] are not similarly situated with Plaintiffs and should be excluded from any notice provided by this court with respect to time spent working in California facilities from March 25, 2017 to May 21, 2022." *Id*. at 7.

The Court finds that Plaintiffs have adequately pled and offered evidence that NuWest's 2022 change in the stipend policy did not result in a complete abandonment of stipends-as-compensation. *See* Dkt. #45 at 7–8. Rather, it could plausibly be argued that NuWest's actions on the ground (rather than its policy) reflected that the stipends did not have an apparent nexus to expenses incurred, instead reflected attempts to adjust pay due to changes in the market for healthcare workers, and that NuWest's stipend behavior was not so materially different than before the policy change. This is sufficient for conditional collective certification. Furthermore, Plaintiffs have adequately explained in their Reply brief how participants in the *Knebel* case may still have claims against NuWest for work performed outside of California or

ORDER GRANTING IN PART MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION - 5

for work performed after the settlement. *See* Dkt. #45 at 10–11. The Court declines to limit conditional certification based on this issue.

As noted above, NuWest takes issue with Plaintiffs' proposed notice plan and language. Courts "must take care to avoid even the appearance of judicial endorsement of the merits of the action" and notice must be neutral, accurate, and informative. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169, 174 (1989). The purpose of the notice is for putative plaintiffs to "make informed decisions about whether to participate" in the lawsuit. *Id.*, at 170-172. The utility of a collective FLSA action "depend[s] on employees receiving accurate and timely notice concerning the pendency of the collective action." *Id.*, at 170.

The Court will attempt to address NuWest's points as briefly as possible. The Court agrees with NuWest that notice by text message would be incomplete, duplicative of notice by email and mail, and an unnecessary invasion of privacy. *See Chetwood v. T-Mobile USA, Inc.*, 19-CV-458-RSL, 2020 WL 1689730, at *5 (W.D. Wash. Apr. 7, 2020). Plaintiffs are to revise their notice plan to remove notice by text message. The Court finds that multiple reminder notices and the 90-day opt-in period are necessary here given the traveling, on-the-road nature of Plaintiffs. The notice should not be sent to traveling nurses who worked "from three years prior to the filing of the initial Complaint to the present." The Court agrees with NuWest that the starting point should be calculated from the date of conditional certification. The Court also agrees with NuWest that the notice should expressly provide that any putative plaintiff is free to select his or her own counsel, or to proceed pro se. *See* Dkt. #43 at 18. This must be changed before notice goes out. NuWest contends the notice should inform plaintiffs of discovery obligations. *Id.* at 18–19 (citing cases). Plaintiffs reply by citing a case indicating that such may have "a chilling effect" on participation. Dkt. #45 at 15 (citing *Randall v.*

ORDER GRANTING IN PART MOTION FOR CONDITIONAL COLLECTIVE
CERTIFICATION - 6

*Integrated Communication Service, Inc.*, 2021 WL 2328373, *4 (W.D.Wash. June 8, 2021)). In *Randall*, the Court indeed questioned the need to inform putative class members of the potential obligation to "provide documents, travel to the Western District of Washington to be deposed or testify at trial, and pay attorneys' fees and costs if they do not prevail." However, unlike in this case, the plaintiffs' proposed notice in *Randall* had at least some "proposed language regarding discovery obligations" deemed sufficient by the Court. Here, the notice fails to mention discovery. The notice must be revised to indicate that by joining the lawsuit plaintiffs may be "asked to give testimony and information about your work for defendant." The Court accepts Plaintiffs' compromise solution to providing notice of tax consequences. The Court agrees with Plaintiffs that the notice does not improperly encourage joinder or suggest judicial endorsement. *See* Dkt. #45 at 15. NuWest's concern that its position should be more adequately represented is beyond the bounds of what is required for this type of notice, and NuWest's out-of-district citations fail to convince the Court otherwise.

Turning to requested contact information, the Court agrees with NuWest that Plaintiffs do not need phone numbers to send notice. Dates of employment seem relevant, and in any event the Court will not hold up entry of this order based on a lack of protective order (now entered) or a squabble over apparently relevant information obtainable in discovery.

Finally, NuWest opposes Plaintiffs' request to equitably toll the statute of limitations from the noting date of the instant Motion until the day NuWest provides Plaintiffs' counsel with a list of putative collective members' contact information. Dkt. #42 at 27–28 (citing *Carlson*, 2021 WL 3616786 at *6). The Court in *Carlson* stated, "[e]quitable tolling is appropriate to promote the interests of justice where the plaintiff is prevented from asserting a claim due to a defendant's wrongful conduct or when extraordinary circumstances beyond the

ORDER GRANTING IN PART MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION - 7

plaintiff's control caused an innocent delay." 2021 WL 3616786 at *6 (citing *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir.1999)). The Court finds that Plaintiffs have failed to demonstrate wrongful conduct or extraordinary circumstances such as to justify this requested relief.

The Court finds that Plaintiffs have adequately pled that they are similarly situated to the potential collective under the above law. Given all of the above, and after reviewing the briefing and the remainder of the record, the Court ORDERS:

1) Plaintiffs' Motion for Conditional Collective Certification, Dkt. #42, is GRANTED IN PART as stated above.

2) The FLSA collective defined above is conditionally certified.

3) NuWest is to produce to Plaintiffs' counsel the following information within 14 days of this Order: An Excel document containing the name, employee identification number, the date(s) and location(s) of employment, email address, and last known mailing address for each putative member of the collective.

4) Plaintiffs' proposed Notice, Consent to Join, and notice plan are approved with the above revisions. Plaintiffs are to make the above changes and send a revised notice and plan to Defendant as soon as possible. Defendant is to make every effort to resolve any remaining issues without Court involvement. Putative collective members shall have 90 days from the mailing of the Notice to return their executed Consent to Join.

DATED this 22nd day of May, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE