UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELA HAMILTON, DANA MCDERMOTT, MELANIE CREEL, SHAMILA HASHIMI, QUINTARA HICKS, KIANA HOWELL, LISA LAZZARA, ALICIA MILLER, SUSIE SCOTT, TERRI SEASTROM, TAYLOR SMITH, AND SARA WOOD, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NUWEST GROUP HOLDINGS, LLC,<br><br>Defendant. | Case No. 2:22-cv-01117 RSM<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND TO DIRECT CLASS NOTICE** |

ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT AND TO
DIRECT CLASS NOTICE - 1

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement. Having reviewed the Motion, together with its exhibits, the Court hereby finds and orders as follows:

1.     Unless otherwise defined herein, all terms used in this Order will have the same meaning as defined in the Settlement Agreement.

2.     The Court grants preliminary approval of the Settlement Agreement. The Court preliminarily finds that the Settlement Agreement is fair, reasonable, adequate, and falls within the range of reasonableness, and therefore meets the requirements for preliminary approval as required by Federal Rule of Civil Procedure 23 and applicable law. Specifically, the Court preliminarily finds that: (1) the Settlement is the product of arm's length, non-collusive negotiations between experienced counsel; (2) the Settlement provides substantial relief without the risks, burdens, costs, or delay associated with continued litigation; (3) Plaintiffs and their counsel have adequately represented the class and collective members; and (4) the Settlement treats all class and collective members equitably.

3.     For purposes of settlement only: (1) Alexander T. Ricke and J. Austin Moore of the law firm Stueve Siegel Hanson LLP and Kaleigh Boyd of Tousley Brian Stephens PLLC are appointed as Class Counsel for the Rate Reduction Class and as Counsel for the FLSA Collective Members; and (2) Plaintiffs Angela Hamilton, Dana McDermott, Melanie Creel, Shamila Hashimi, Quintara Hicks, Kiana Howell, Lisa Lazarra, Alicia Miller, Susie Scott, Terri Seastrom, Taylor Smith, and Sara Wood are appointed as the Class Representatives and as Collective Representatives.

ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT AND TO
DIRECT CLASS NOTICE- 2

4. For purposes of settlement only, the Court conditionally certifies the Mid-Contract Rate Reduction Class, defined as "all persons who are, or have been, employed by NuWest at any point during the Mid-Contract Rate Reduction Class Period as travel nurses and who worked all or part of an assignment for NuWest as a travel nurse."

5. The Court authorizes and appoints Analytics Consulting LLC to be the Settlement Administrator and perform the notice and other settlement administration responsibilities set forth in the Settlement Agreement.

6. The proposed Settlement Notices to be provided as set forth in the Settlement Agreement are hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Final Approval Hearing to all persons and entities affected by, and/or entitled to participate in, the settlement, in full compliance with the notice requirements of Rule 23, due process, the Constitution of the United States, and all other applicable laws. The Settlement Notices are accurate, objective, and informative, and provides members of the Settlement Classes with all the information necessary to make an informed decision regarding their participation in the settlement and its fairness.

7. The Settlement Notices, attached to the Settlement Agreement as Exhibits 1 and 2, and the Claim Form, attached to the Settlement Agreement as Exhibit 3, are approved. The Settlement Administrator is authorized to mail the Settlement Notices to appropriate Settlement Class Members as provided in the Settlement Agreement. Non-material modifications to the Settlement Notices and claim forms may be made by the Settlement Administrator without

ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT AND TO
DIRECT CLASS NOTICE- 3

further order of the Court, so long as they are approved by the Parties and consistent with the Settlement Agreement and this Order.

8. The Court hereby approves the proposed procedure for Mid-Contract Rate Reduction Class Members to request exclusion from the Rule 23 component of the Settlement, which is to submit a written notice requesting exclusion to the Settlement Administrator no later than 90 days after the Settlement Notices are mailed to them. Any Mid-Contract Rate Reduction Class Members who do not timely and validly exclude themselves from the Settlement shall be bound by the Rule 23 component of the Settlement.

9. Any written objection to the Settlement by a Mid-Contract Rate Reduction Class Member must mailed to the Settlement Administrator or filed with the Court and served on counsel for the Parties no later than 90 days after the Settlement Notices are mailed to the Mid-Contract Rate Reduction Class Members.

10. For settlement purposes only, the Court further certifies the following FLSA Collective pursuant to 29 U.S.C. § 216(b): "the 2,321 individuals who opted into the Litigation by filing in the Litigation a Consent to Join Form."

11. For the same reasons that the Court preliminarily finds the Settlement Agreement is fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2), the Court likewise finds on a preliminary basis that the resolution of the Fair Labor Standards Act claims represents a fair and reasonable resolution of a *bona fide* dispute.

12. The Court orders that Class Counsel shall file their unopposed motion seeking the payment of attorney fees and costs and of the Named Plaintiffs' Service Awards by the deadline below. Plaintiffs shall file their motion for final approval of the Settlement by June 28, 2025.

ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT AND TO
DIRECT CLASS NOTICE- 4

13. The Court will conduct a Final Approval Hearing on July 11, 2025, at 9:00 a.m. to determine the overall fairness of the settlement, approve the amount of attorney fees and expenses to Class Counsel and the Service Awards to Plaintiffs, and to address any other matters that may properly be brought before the Court in connection with the Settlement.

14. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the Final Approval Hearing without further notice to the Settlement Class.

15. Pending further order of this Court, this matter is stayed other than as set out in this Order.

16. For the sake of clarity, the Court enters the following deadlines:

| **ACTION** | **DATE** |
|---|---|
| Notice Mailing | 75 days from Preliminary Approval |
| Motion for Attorney Fees and Costs and Service Awards | 75 days after the mailing of the Notice |
| Opt-Out Deadline | 90 days from the mailing of the Notice |
| Objection Deadline | 90 days from the mailing of the Notice |
| Claims Submission Deadline | 90 days from the mailing of the Notice |
| Final Approval Brief and Response to Objections Due | 14 days prior to the Final Approval Hearing |
| Final Approval Hearing | July 11, 2025, at 9:00 a.m. |

ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT AND TO
DIRECT CLASS NOTICE- 5

**IT IS SO ORDERED.**

Dated: January 6, 2025

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFFS' UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS
AND COLLECTIVE ACTION SETTLEMENT AND TO
DIRECT CLASS NOTICE- 6